**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATRINA SOTO, on behalf of herself and all other persons similarly situated, known and unknown,** | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | **Judge** |
| **v.** | ) | **Magistrate Judge** |
| **WINGS 'R US ROMEOVILLE, INC. and DOES 1-20** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiff Katrina Soto, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendant Wings 'R Us Romeoville, Inc., and Does 1-20, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay Plaintiff and other similarly-situated tipped employees all earned minimum wages. Defendants operate franchised restaurants in Illinois and Ohio under the trade name "Buffalo Wild Wings Grill & Bar."

2. Plaintiff and the class she seeks to represent are current and former tipped employees of Defendants working as servers and bartenders. Defendants pay their tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA.

Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, and thus violated the state and federal minimum wage laws, by regularly assigning tipped employees, paid sub-minimum wages, to perform duties outside the scope of their tipped positions. In addition, Defendants failed to inform the tipped employees of the provisions of the tip-credit subsection of the FLSA.

**THE PARTIES**

3. Plaintiff Katrina Soto resides in and is domiciled in this judicial district. Between approximately January 2011 and October 2015, Plaintiff was employed by Defendants as a server at their Romeoville, Illinois, restaurant located within this judicial district.

4. Defendant Wings 'R Us Romeoville, Inc., is an Ohio corporation with its principal place of business in Romeoville, Illinois.

5. Plaintiff is currently unable to name Defendants sued herein under the fictitious names, Does 1 through 20, inclusive ("Doe Defendants"), and therefore, sues such Doe Defendants by such fictitious names. Plaintiff will seek leave to amend her Complaint to allege the true names and capacities of these Defendants, if appropriate, upon ascertaining their true names and capacities via discovery.

6. Upon information and belief, however, Plaintiff alleges that each of the fictitiously named Doe Defendants operates other Buffalo Wild Wings restaurants in Illinois and Ohio, share the same employment practices, and are legally responsible in some manner for the events and occurrences alleged herein. These other Doe Defendants may operate as: (a) Wings 'R Us Bolingbrook, Inc.; (b) Wings 'R Us Elmhurst, Inc.; (c) Wings 'R Us Oswego, Inc.; (d) Wings

‘R Us Plainfield, Inc.; (e) Wings ‘R Us Mason, Inc. (Ohio); and (f) Wings ‘R Us West, Inc. (Ohio).

7. Defendant Wings ‘R Us Romeoville, Inc. and the other “Wings ‘R Us” entities identified in Paragraph 6, above, are engaged in related activities performed for a common business purpose, through unified operation or common control, including the use of common management employees and personnel policies and practices that are alleged herein to violate the FLSA and, at to the Illinois Wings ‘R Us entities, the IMWL.

8. Plaintiff was an “employee” of Defendants as defined by the IMWL, 820 ILCS 105/3(d), and the FLSA. 29 U.S.C. § 203(d).

9. During her employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

10. Defendants were Plaintiff’s “employer[s]” as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA. 29 U.S.C. § 203(d).

11. Defendants own and operate restaurants in the state, and each Defendant is an “enterprise” as defined by the FLSA, 29 U.S.C. §2 03(r)(1), and each is enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. Defendants’ employees are engaged in interstate commerce and each Defendant’s annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of her employment by Defendants, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

**COUNT I**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**Class Action**
**(As To All Defendants' Illinois Restaurants)**

13. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for Defendants' failure to pay Plaintiff and the class of Illinois tipped employees that she represents all their earned minimum wages. Plaintiff and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1, *et seq*. Plaintiff brings this Count I as a class action under Rule 23.

14. Plaintiff and other similarly-situated employees worked as servers and bartenders in Defendants' Illinois restaurants. Defendants paid those tipped employees an hourly rate less than minimum wages; most recently, that amount was $4.95 per hour.

15. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. § 203(m). However, when "tipped employees also perform non-tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work." *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014).

16. Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation. Defendants regularly require servers and bartenders to perform such duties, including but not

limited to, cleaning bathrooms, dishwashing, general restaurant cleaning and trash removal, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

17. Defendants' practices violate the minimum wage provisions of the IMWL.

18. Plaintiff will seek to certify Count I as a class action and will ask the Court to determine the rights of the class pursuant to those statutes, and any other damages due, and to direct Defendants to account for all back wages, additional damages and prejudgment interest thereon due to the Plaintiff and the class that she represents. See, e.g., *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) & *Driver*, No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); *Clark v. Honey-Jam Cafe, LLC*, 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); *Johnson v. Pinstripes, Inc.*, 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); *Haschak v. Fox & Hound Rest. Grp., et al.*, No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.*, 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May 7, 2012) (same);

19. This Count is brought pursuant to Rule 23 because the class members similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. Plaintiff expects that throughout the limitations period, Defendants employed in excess of 100 tipped employees in the four Illinois restaurants. Plaintiff therefore brings this action against Defendants on her own behalf as an aggrieved employee, and in her representative capacity. The individually named Plaintiff and similarly-situated persons are equally affected by the minimum

wage violations of Defendants, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

20. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. The individual Plaintiff and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus additional damages, interest, attorneys' fees and the cost of this lawsuit. The individual Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

21. The books and records of Defendants are material to Plaintiff's action as they disclose the hours worked by each employee and the rate of pay for that work.

22. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

23. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A judgment in the amount of all minimum wages due as provided by the Illinois

Minimum Wage Law;

B. prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and additional damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**Collective Action**

24. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

25. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay minimum wages to Plaintiff and similarly-situated tipped employees. Plaintiff brings this Count as a collective action. Plaintiff's consent form to act as representative plaintiff is attached hereto as Exhibit A.

26. Plaintiff worked as a tipped employee, and was not exempt from the minimum wage provisions of the Fair Labor Standards Act.

27. Plaintiff, as a tipped employee, was paid by Defendants at an hourly rate less than minimum wage; that is, the Illinois tip-credit rate of $4.95 per hour.

28. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. § 203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the

provisions of the tip-credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. § 203(m).

29. Although Defendants took a tip credit in paying hourly wages to Plaintiff, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m). Defendants failed to inform Plaintiff of the provisions of the tip-credit subsection.

30. Defendants regularly require servers and bartenders to perform such duties, including but not limited to, cleaning bathrooms, dishwashing, general restaurant cleaning and trash removal, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

31. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiff's failure to be paid minimum wage from Defendants, was a willful violation of the Act.

WHEREFORE, Plaintiff and similarly situated tipped employees pray for judgment against Defendants as follows:

A. judgment in the amount of the owed minimum wages for all time worked;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

Dated: November 6, 2015

Respectfully submitted,

/s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski - jsypulski@sbcglobal.net
Law Office Jamie Golden Sypulski
150 North Michigan Ave., Suite 1000
Chicago, Illinois 60601
(312) 332-6202

Attorneys for Plaintiff